UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:21-CR-144 JD |
| AARON WHITE | |

**OPINION AND ORDER**

On October 20, 2021, a grand jury indicted Aaron White on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. White has filed a motion to dismiss this case for lack of jurisdiction because he is "a sovereign citizen." (DE 58.) Attached to this motion is an affidavit in which Mr. White opines that he "voluntarily chooses to comply with the man-made laws which serve[] to bring harmony to society but no such laws or enforcers have any authority over me." (DE 58-1 at 1.) Mr. White has also submitted to the Court a "declaration of sovereignty" in which he expresses his desire to "reserve my natural born right to sovereignty." (DE 63.) On December 15, 2022, the Government filed a response to Mr. White's motion. (DE 66.) Mr. White then filed a reply in which he reiterates his claim that he is a sovereign citizen. (DE 68.)

Mr. White's argument that he is a sovereign citizen not bound by this Court's jurisdiction may be "rejected summarily." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (explaining that the Seventh Circuit has "[r]epeatedly rejected . . . theories of individual sovereignty, immunity from prosecution, and their ilk" and that such "theories should be rejected summarily, however they are presented"). Claims of "sovereign citizen" status have repeatedly been denied by courts in this circuit over the past three decades and have "no conceivable validity in American Law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *see*

*also United States v. Phillips*, 326 F. App'x 400, 400 (7th Cir. 2009) (describing sovereign citizen arguments as "frivolous"); *Bey v. United States*, No. 1:16-CV-01403-JBM, 2016 WL 6238489, at *2 (C.D. Ill. Oct. 25, 2016) ("For at least 25 years, courts have summarily rejected claims by sovereign citizens."); *Shrock v. United States*, 92 F.3d 1187, 1187 n.1 (7th Cir. 1996) (explaining that sovereign citizen arguments have been "universally rejected").

Mr. White may *believe* that he is a "sovereign citizen" who exists outside the reach of this Court's authority. He may also *believe* that his invocation of "sovereign-citizen" status strips this Court of authority. But a manifested belief does not always correspond with reality. The law in this circuit makes it clear that he is not beyond this Court's jurisdiction. *Benabe*, 654 F.3d at 767 ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *Phillips*, 326 F. App'x at 400 ("[A] district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law.").

Accordingly, Mr. White's motion to dismiss is DENIED. (DE 58.) The Court also DENIES Mr. White's motion to enter judgment on the pleadings because the Government's response was, in fact, timely.[1] (DE 67.)

SO ORDERED.

ENTERED: January 26, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court

---

[1] Mr. White's sole argument for entering judgment on the pleadings is that the Government's response to his motion to dismiss was untimely. (DE 67.) The Court set a deadline of December 15, 2022, for the Government to respond. (DE 60.) The Government then filed its response on December 15, 2022. (DE 66.) Therefore, it was timely.