UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:21-CR-144 JD |
| AARON WHITE | |

**OPINION AND ORDER**

Mr. White, a criminal defendant proceeding *pro se*, has filed a motion captioned as a motion for change of venue. (DE 94.)[1] The thrust of this motion is Mr. White would like a new judge assigned to his case due to the Court's alleged bias against him; accordingly the Court construes this as a second motion for recusal. (*See id.*) The Court had previously denied a motion for recusal filed by Mr. White (DE 86). For the following reasons the Court will deny this motion as well.

Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion [because] opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

---

[1] Mr. White also filed a declaration (DE 95) alongside the motion which restates several claims related to "sovereign citizen" beliefs, but as such has no legal merit, and seems unrelated to his motion.

While the Court previously considered and denied a recusal request from Mr. White, the current motion seems to present new arguments for recusal and does not seek reconsideration of those rejected in the prior order.[2]

In his latest motion, Mr. White objects to this Court ruling on his previous motion for recusal and suggests this is indicative of bias. This argument is without merit. The statute governing recusals charges the presiding judge to determine if recusal is warranted. 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States *shall disqualify himself* in any proceeding in which his impartiality might reasonably be questioned.") (emphasis added). The Court discerns no error in applying the statute as written by Congress. To the extent Mr. White disagrees with the policy choice reflected by this statute, his redress lies with Congress and not with the Court. The Court also finds no evidence of bias merely from the fact it denied Mr. White's previous recusal motion in light of the facts of his case and the governing law. *Liteky* v, 510 U.S. at 555.

Next, Mr. White once again suggests that litigation by his cousin, James Bogan (also known as J-Bogan Bey), creates a conflict of interest. Previously, Mr. White alleged the Court's adverse ruling to a case Mr. Bogan had before this Court was indicative of bias. In this motion, Mr. White argues the fact Mr. Bogan, apparently, sued the undersigned creates a conflict of interest.[3] Mr. White does not actually explain why litigation against the undersigned by his cousin would create any bias or prejudice against him.

---

[2] If Mr. White intended to seek reconsideration of the prior order, the Court would deny it for the reasons stated in that order.

[3] Mr. White does not identify a case number, date of filing, or venue of this alleged case. The Court's own search of the records indicates Mr. Bogan filed a lawsuit against the undersigned, as well as other public officers, in 2019. *Bogan v. DeGuilio et al.*, 3:19-cv-828 (N.D. Ind.). This case was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A. 3:19-cv-828 at DE 6. Mr. Bogan's lawsuit against the

The Seventh Circuit has expressly rejected applying a "petty disposition" to federal judges as if they rule against litigants just because they challenge the merits of their decisions and seek further review. *United States v. Barr*, 960 F.3d 906, 920 (7th Cir. 2020) (declining to infer judicial animus against an attorney and client who obtained reversal of a district judge on appeal); *see also United States v. Williams*, 949 F.3d 1056, 1061 (7th Cir. 2020) (noting there is a presumption that judges are impartial). Therefore, according to the binding precedent of the Seventh Circuit, the fact Mr. Bogan sought to challenge the Court's conclusion in his case through a direct lawsuit is not sufficient to support the inference of bias or prejudice against Mr. Bogan. *Id.* Consequently, it is also not sufficient to support an inference of bias or prejudice against Mr. Bogan's cousin, Mr. White, who was uninvolved with those prior cases.[4]

Lastly, the Court would note that Mr. White states that "due process is violated when a Judge presides over a case in which he has direct pecuniary interests in the outcome." (DE 94 at 2.) The Court is unclear on whether Mr. White is alleging it has a pecuniary interest in the outcome of this case. If he intended to make this claim, it would fail. Mr. White does not actually identify such an interest and the Court discerns none. This is a criminal prosecution, and the Court has no pecuniary interest in Mr. White's ultimate determination of guilt or innocence, or any sentence he may receive, if adjudged guilty.

Ultimately, the Court finds there is nothing to support the inference of bias against Mr. White or otherwise reasonably questions the Court's impartiality. Accordingly, the Court DENIES the second motion to recuse. (DE 94.)

---

Court was predicated on the Court allegedly ruling incorrectly against him in a separate case which had been before the Court. *Id.* at DE 1.

[4] The Court also notes it was unaware of any relationship between Mr. White and Mr. Bogan until Mr. White brought it to the Court's attention.

SO ORDERED.

ENTERED: March 21, 2023

                 /s/ JON E. DEGUILIO
                Chief Judge
                United States District Court