UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:21-CR-144 JD |
| AARON WHITE | |

**OPINION AND ORDER**

The Court now addresses a number of filings by pro se defendant Aaron White. The motions at DE 109, DE 110, DE 111, DE 112, DE 120, DE 122, and DE 124 are DENIED. The motions at DE 118 and DE 121 are MOOT. The motion at DE 104 is TAKEN UNDER ADVISEMENT and Mr. White may file a supplement as detailed below. The Court also addresses DE 117 and provides information about civilian clothing for trial below. The Court also notes it received Mr. White's filing at DE 123, which does not appear to require any response from the Court. The Court will separately issue an order regarding Mr. White's motion at DE 98.

**A. Pre-Trial Hearings**

Mr. White has moved to waive the final pretrial conference (DE 109) and objected to the Court's scheduling of a status conference (DE 120; 124). He argues waiving these proceedings "will expedite trial and eliminate needless proceedings." (DE 109 at 1.) The Court disagrees. First, it is within the Court's discretion to set and hold conferences among the parties in order to prepare for trial. Fed. R. Crim. P. 17.1 ("On its own, or on a party's motion, the court may hold one or more pretrial conferences to promote a fair and expeditious trial.") The power to hold criminal pretrial conferences is "essentially a codification of the court's inherent power to

manage the litigation before it." *United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983). Both the status conference and the scheduled final pretrial conference fall under this discretion. *See* Fed. R. Crim. P. 17.1 advisory committee's notes to 1995 amendment. Second, the Court intends to cover topics at both conferences that will expedite and simplify trial, including the scope of the trial, evidentiary issues, witnesses, and scheduling, among other things. It is the goal of these conferences that trial may proceed in the most professional and efficient manner possible. That seems especially important where a defendant proceeds pro se and may be unfamiliar with the manner in which trial is conducted. And the Federal Rules recognize the usefulness of such conferences, particularly in regards to pro se defendants. *See* Fed. R. Crim. P. 17.1 advisory committee's notes to 2002 amendment. The Court believes these conferences are necessary to better prepare for a fair and expeditious trial. Therefore, Mr. White's motions (DE 109, DE 120, DE 124) are denied.

### B.  Jury Trial

Mr. White filed a demand for jury trial. (DE 118.) Criminal defendants have a right to a jury trial under the Sixth Amendment. *Ramos v. Louisiana*, 140 S. Ct. 1390, 1395 (2020). Mr. White has never waived his right to a jury trial and a jury trial is scheduled in this matter. *See* Fed. R. Crim. P. 23(a); (DE 82.) Therefore, the motion (DE 118) is unnecessary and therefore moot.

### C.  Speedy Trial

Mr. White has filed a Motion for a Speedy Trial. (DE 121.) Mr. White previously filed a similar motion (DE 21), which was stricken as a pro se filing while the defendant was

represented by counsel. Criminal defendants have a right to a speedy trial under the Sixth Amendment and the Speedy Trial Act. *United States v. Bell*, 925 F.3d 362, 373 (7th Cir. 2019). Mr. White's current trial date, beginning July 17, 2023, falls within the timelines of the Speedy Trial Act. Mr. White's motion does not challenge any period of exclusion, nor does the Court independently identify any error in its Speedy Trial Act calculation. Accordingly, the Court finds no Speedy Trial Act violation and will endeavor to ensure his trial is conducted within those provisions, consistent with his request. Mr. White's motion (DE 121) is unnecessary and therefore moot.

### D.  Sovereign Citizen Theories

Mr. White also filed what he has titled an "Affidavit of Objection to Order in Motion for fact finding Objection # 3." (DE 110.) In this filing, he takes issue with the Court's previous order (DE 108) in response to his filing questioning whether the Court was proceeding under Common Law or Admiralty Law (DE 105). In a second filing, titled "Motion to Dismiss" (DE 122), Mr. White similarly expresses his dissatisfaction with the Court's prior order and writes, "The Court apparently operates covertly under some hidden jurisdiction kept secret from the American people." (DE 122 at 2.) As the Court previously noted/explained in its order (DE 108), Mr. White is charged with violations of federal law (18 U.S.C. § 922(g)(1)), and his trial will proceed under federal law, specifically, the Federal Criminal Code, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. Neither Common Law nor Admiralty Law have application to this federal criminal proceeding.

Mr. White writes, "The Court obviously intends to proceed under a secret jurisdiction as it refuses to declare whether this case is to be tried under common law or admiralty." (DE 105)

While the Court appreciates that Mr. White has said he will not invoke sovereign citizen theories at trial and will instead contest only his possession, the invocation of secret jurisdiction or admiralty criminal law is itself a sovereign citizen theory, which must be ceased in all forms. *See El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013) (sovereign citizens do not recognize the limits of admiralty law to maritime activities). The Court reminds Mr. White that sovereign citizen theories, including the idea that the Court is engaged in secret or admiralty jurisdiction in this criminal proceeding, are not meritorious and must be abandoned. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk.") (citing cases).  Because Mr. White's motion to dismiss does not state any basis for relief and is based on sovereign citizen theories, the motion (DE 122) is denied.

### E. Filings Construed

Mr. White has made two filings objecting to the Court's construing his orders. (DE 111; DE 112.) In a filing titled "Request," Mr. White writes, "These filings are filed purposely and not to be misconstrued for anything other than what it's labeled." (DE 112 at 1.) Mr. White objects to the Court's reformation of his filings in order to address his arguments under the proper substantive law. All motions, regardless of party representation status, are analyzed by their substance, not title. *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 890 (7th Cir. 2020). Further, courts generally liberally construe pro se filings for their benefit and will address "any cogent argument we are able to discern." *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). The Court refers to Mr. White's filings by the titles he gives them throughout this order but will substantively apply federal law to his filings as it would to anyone

else charged with federal criminal offenses. The request (DE 112) to apply substantive law based on the title of the filings is contrary to the law of the Circuit and therefore is denied.

### F.  Clothing for Trial

Mr. White filed a letter to the clerk (DE 117) asking for instructions on how his family might deliver clothing on his behalf for trial. Mr. White's family is directed to contact the U.S. Marshals District Office in Hammond, Indiana. Their phone number is (219) 852-6776. In order to afford the Marshals sufficient time to coordinate the clothing, Mr. White's family should contact the Marshals no later than two weeks prior to trial and deliver the clothing, including shoes, no later than one week prior to trial.

### G.  Witness Fees

Mr. White has also asked if the Government may cover any witness fees since he is incarcerated and does not have funds to cover the costs. (DE 104.)  Under Rule 17(b) of the Federal Rules of Criminal Procedure, "[u]pon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas." Fed. R. Crim. P. 17(b).

The Court will address Mr. White's motion regarding the witness fees (DE 104) separately and on an *ex parte* basis.[1]  It appears from the bond report (DE 13) and Mr. White's prior appointment of counsel (DE 8) that he is unable to pay the witness fees. However, the

---

[1] *Ex parte* means without the presence or notice of opposing counsel.

Court needs further information from Mr. White regarding (1) the name and address of each person he seeks to subpoena and (2) the necessity of the witness's presence for an adequate defense. *See United States v. Rogers*, 921 F.2d 1089, 1094 (10th Cir. 1990). Mr. White may file an ***ex parte*** supplement detailing this information prior to the final pretrial conference.[2]

SO ORDERED.

ENTERED: May 31, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court

---

[2] To assist the Clerk in proper filing and to avoid disclosure to the Government, any such filing should be clearly designated as an *ex parte* document.